IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JULIO J. VALDEZ,

                Petitioner,         Case No. 3:06 CV 7010

-vs-

                                             MEMORANDUM   OPINION
UNITED STATES OF AMERICA,                 AND   ORDER

                Respondent.

KATZ, J.

**BACKGROUND**

Before the Court is the Petition of Julio J. Valdez ("Petitioner" or "Valdez"), pro se, to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The Government has filed a response in opposition to the motion asking the Court to dismiss the same because it is a second or successive motion to vacate sentence under Section 2255 and Petitioner has not demonstrated that he has received authority by the Sixth Circuit Court of Appeals to file same. The Petitioner has filed a reply to the Government's response and the matter is ready for the Court to rule.

The background of this case is set forth in the Government's response at pages 1 through 5 and will not be restated here. Suffice to say that Petitioner entered a plea of guilty to Count 1 of the Indictment pursuant to a plea agreement negotiated with the Government by Valdez and his attorney; that plea agreement was executed and the plea entered and accepted on August 30, 2001. On November 13, 2001, Valdez moved to withdraw his plea and invalidate the plea

agreement; that motion to withdraw was denied by this Court. Petitioner was sentenced on December 21, 2001 to 192 months to be followed by 5 years of supervised release.

Valdez filed a direct appeal and the Sixth Circuit affirmed both his conviction and his sentence. On March 30, 2005, he timely filed his first motion to vacate sentence under Section 2255. That motion was denied by this Court on June 10, 2005 in an opinion in which this Court stated that "*Booker* is not applicable since it does not apply to cases on collateral attack." (Doc. 5 Memo Opinion and Order). On August 26, 2005 Valdez filed a motion to modify a term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2); that motion was docketed by the Clerk's Office as a motion pursuant to 28 U.S.C. § 2255. The motion was denied by this Court on November 23, 2005. On January 9, 2006, the instant motion was filed to vacate the sentence based upon the Supreme Court of the United States decision in *United States v. Booker*, 543 U.S. 220 (2005). The Government has asserted that Valdez has not complied with the procedural requirements to file a second or successive Section 2255 motion and, even if he had done so, that motion would fail based upon the merits of the claim.

### DISCUSSION

The Sixth Circuit has consistently held that a prisoner must first obtain permission from that Court to file a second or successive Section 2255 motion. *In re Green*, 144 F.3d 384, 388 (6th Cir. 1998). Since the record before this Court does not reflect any such order having been issued by the Court of Appeals, this Court lacks authority to entertain the motion and it should be dismissed on that ground alone.

As noted by the Government, it is not necessary for this Court to consider the merits of the petition. Valdez has claimed that relief should be granted based upon the *Booker* decision.

However, that ruling is not available to correct or vacate Valdez's sentence since the Supreme Court stated that its holding was applicable to cases pending on direct review as of January 12, 2005 and did not address the issue of claims under Section 2255 or any other collateral challenge. In *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), the Sixth Circuit held that *Booker* did announce a new rule of criminal procedure, but that the new rule does not apply retroactively in collateral proceedings. Thus, the *Booker* decision is of no avail to Valdez.

### CONCLUSION

Since Valdez has not established authorization by the Sixth Circuit Court of Appeals to file the instant motion and because it fails on its merits the same is denied and the petition is dismissed without prejudice to his right to move the Court of Appeals for an order authorizing the filing of a successive Section 2255 petition.

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    SENIOR U. S. DISTRICT JUDGE